No. 2642.

### William Dwyer v. The State.

Swindling by False Pretense—Indictment.—An indictment for swind-
ling by false pretense should positively and clearly aver the commission
of the acts by the accused. If a written instrument enters into the of-
fense as matter of inducement, the said instrument should be set out, as
in forgery. See the statement of the case for an indictment *held* insuffi-
cient to charge the offense of swinding by false pretense; wherefore the
motion in arrest of judgment should have prevailed.

Appeal from the District Court of Fannin. Tried below be-
fore the Hon. D. H. Scott.

The appellant in this case was convicted of swindling, and
his punishment was assessed at a term of three years in the peni-
tentiary. Omitting the formal portions, the indictment reads as
follows:
*    *    *    *    "that one William Dwyer and one Edward
Eglinton and one J. L. Larkin, conspiring and acting together,
on or about the 29th of October, 1886, in Fannin county, Texas,
by means of false pretences and devices, and fraudulent repre-
sentations, then and there knowingly and fraudulently made by
them to John C. Brown and Lionel A. Sheldon, who were then
and there receivers of the Texas & Pacific Railway Company,
did induce the said John C. Brown and Lionel A. Sheldon, re-
ceivers as aforesaid, to deliver to them, the said Dwyer, Eglinton
and Larkin, and the said Dwyer, Eglinton and Larkin did, then
and there, by the means aforesaid, acquire from the said re-
ceivers of said The Texas & Pacific Railway Company, the sum
of twenty-six dollars and forty-five cents ($26.45) in money, of
the value of twenty-six dollars and forty-five cents, the same be-
ing the personal and moveable property of said receivers of the
said railway company, with the intent to appropriate the same
to the use of them, the said Dwyer, Eglinton and Larkin, in this,
to wit: The said Dwyer was then in the employ of the said re-
ceivers of the said railway company, and was then and there sec-
tion foreman of section 80 of said The Texas & Pacific Railway
Company, in said county, and had authority to employ and dis-

charge laborers on said section No. 80 of said railway, and as such section foreman it was, under the rules and regulations of said receivers, the duty of said Dwyer, when any of the laborers working under him on said section No. 80 of said railroad, should be discharged by him, to report the fact of such discharge to the district road master, whose office was in the city of Bonham, in said county, and to make a statement to said district road master of the number of days such laborers so discharged had worked on his section on said railway, together with the amount due the laborer so discharged. That said J. L. Larkin was, on or about the 24th day of October, 1886, and long prior and subsequent thereto, the district road master of the district of said railroad which includes said section No. 80. That on or about said October 25, 1886, the said Dwyer reported to said Larkin that one Robert Kingston had labored twenty-three days at general track repairs in the month of October, 1886, on said section No. 80, at one dollar and fifteen cents per day, and that the amount due said Kingston for said labor was twenty-six dollars and forty-five cents, and that said Kingston was due hospital twenty-five cents, leaving still due said Kingston, twenty-six dollars and twenty cents. That it was then and there one of the regulations and the practice of the said receivers of said railway company, that, when any section foreman on said railroad makes a report such as the one above mentioned, to withhold twenty-five cents as hospital fees. That said Dwyer, Eglinton and Larkin well knew of said regulation and practice of said railroad receivers; that it was then and there the rule and practice of said receivers of said railway company for a district road master in their employ, on receiving at his office from a section foreman a report such as hereinbefore mentioned, to examine the same and report the amount therein found to be due to said discharged laborer and the amount of hospital fees due from said discharged laborer, to the division road master of the division of said railway which includes such district road master's district. That, on or about said October 25, 1886, and long prior and subsequent thereto, the said J. L. Larkin was district road master as aforesaid of said district number eighty, and the said J. L. Larkin then and there had in his employ the said Eglinton as his clerk in his said office. That conspiring and acting together with the said Dwyer, and intending to cheat, swindle and defraud the aforesaid receivers of said railway company, the said Larkin and Eglinton, on the twenty-fifth day of October, 1886, did report

to D. E. Grove, who was then and there the division road master on said railway, and whose division of said railway included said Larkin's district of said railway, that said Robert Kingston had labored twenty-three days at general track repairs in the month of October, 1886, on said section number eighty, at one dollar and fifteen cents per day, amounting to twenty-six dollars and forty-five cents, and that said Kingston was due the hospital twenty-five cents, leaving still due said Kingston twenty-six dollars and twenty cents. That the receiver of the said railway company furnished the said Larkin with a blank report upon which to make the report above mentioned, and that on October 25, 1886, he signed said blank report, and on the same day the said Eglinton, as said Larkin's clerk as aforesaid, with said Larkin's full knowledge and consent, filled out said report, as hereinbefore set forth, and the same was sent to the said D. E. Grove, whose office was then at Marshall, Texas; that, upon the receipt of the said last report at the office of the said D. E. Grove, one John W. Parks, who was then and there clerk in the office of the said Grove, did on the twenty-seventh day of October, 1886, in pursuance of the rules, regulations and practice of the receivers of said railway company, issue to said Robert Kingston, what is known as a discharge certificate, stating therein that the bearer, Robert Kingston, was entitled to pay for twenty-three days as a laborer on said section number eighty, in the month of October, 1886, at the rate of one dollar and fifteen cents per day, amounting to twenty-six dollars and forty-five cents, less twenty-five cents due hospital, leaving balance due said Kingston twenty-six dollars and twenty cents. That said Grove, believing said last report to be true and correct, did approve the said certificate, and sent the same to H. C. Phillips, who was then and there depot agent for said receivers at Bonham in said Fannin county, Texas. That said Phillips, as such depot agent as aforesaid, was authorized and empowered to pay off such certificates, by said receivers out of any funds and money in his hands belonging to said receivers. That, on or about the 29th day of October, 1886, the said Eglinton falsely represented to said Phillips, depot agent as aforesaid, that he was duly authorized and empowered by said Kingston to collect the amount called for in said discharge certificate as due said Kingston, and the said Phillips, believing said representation to be true, then and there paid the said Eglinton the same, to wit: $26.20 in money, at Bonham, in said Fannin county, Texas, out

of money in his hands belonging to said receivers, and the said
Eglinton did then and there sign the name of one James
Kingston to receipt for said amount, $26.20. That the whole of
said transaction on the part of said Dwyer, Eglinton and Larkin
was a false and fraudulent combination, scheme and device to
cheat, swindle and defraud the aforesaid receivers of said rail-
way company; whereas in fact and in truth the said Kingston
did not work as a laborer on said section No. 80 of said railway
company under said Dwyer, during the month of October, 1886,
nor at any other time; and whereas, in truth and fact, the said
report made by said Dwyer to said Larkin, as aforesaid, was
false and fraudulent, and said report made by said Larkin and
Eglinton to said Grove was false and fraudulent, and the repre-
sentations and statements made by said Eglinton to said Phil-
lips, that he said Eglinton was authorized and empowered and
entitled to collect said amount of $26.20 called for in said cer-
tificate, as aforesaid, was false and fraudulent; whereas in fact
and in truth the said Kingston did not labor twenty-three days on
said section No. 80 during the said month of October, 1886, as
shown by said Dywer's said report, and whereas in truth and in
fact, the said Kingston was not entitled to said $26.20 as shown
by said Dwyer's report, and whereas in fact and in truth said
Kingston did not at any time labor on said section No. 80, and
said receivers of said railway company were not indebted to said
Kingston in any sum of money; and whereas, in truth and in
fact, all the statements, representations and reports of said
Dwyer, Eglinton and Larkin, as hereinbefore set forth, were
false and fraudulent; and when in truth and in fact, said Kings-
ton was not entitled to said $26.20 as stated in said report, and
as represented to said Phillips, and whereas the said Dwyer,
Eglinton and Larkin, at the time of making each of said reports
and said representations to Phillips, Larkin, Grove, and to said
receivers of said railway company, well knew that they were all
false and fraudulent, and that all of said pretenses, statements,
devices and representations were false and fraudulent; that the
said Robert Kingston and James Kingston mentioned in said
report, certificate and receipt was one and the same person; that
on or about October 29th, 1886, prior and subsequent thereto, the
said Dwyer, Larkin, Grove and Phillips were in the employ of
the receivers of the said Texas & Pacific Railway Company;
contrary," etc.

*Taylor & Galloway*, and *Bramlette & Steger*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for swindling. The indictment alleges, that appellant Dwyer, Edward Eglinton and J. L. Larkin perpetrated the swindle, and that the money charged to have been obtained "by means of false pretenses and divers misrepresentations" was the property of J. C. Brown and L. A. Sheldon. The proof shows that the money was obtained from H. E. Phillips, the agent of Brown and Sheldon, with proper authority to pay the money.

The indictment alleges that Edward Eglinton, appellant's co-defendant, presented to Phillips the discharge certificate, making certain false statements at the same time and receiving the money. It then alleges "that the whole of said transaction on the part of the said Dwyer, Eglinton and Larkin was a false and fraudulent combination, scheme and device to cheat, swindle and defraud the aforesaid receivers of said railroad company."

Now, the property charged to have been obtained was twenty-six dollars and twenty cents. The indictment alleges that this money was obtained by Eglinton, a co-defendant. There is no allegation *directly* charging all the defendants with the commission of the acts constituting the offense. This is done in a very indirect and inferential manner.

The indictment must allege *directly*, not *inferentially*, the commission of the acts by the accused. Pleading the evidence instead of the acts will not suffice; and allegation is a matter quite different from the proof thereof. There is no direct allegation in this indictment which charges appellant and Larkin with committing or doing the acts constituting the offense for which appellant stands convicted. It is true that a conspiracy and acting together in making false representations to Brown and Sheldon is alleged, but the representation so made is not averred, and this allegation is therefore insufficient.

When Eglinton made the verbal representations to Phillips, they were directed to, or in relation to, a written document presented by him to Phillips. This document is called a "discharge certificate," and is as follows:

"No. 3.　　　　　　　　　　　　　　　　　　　　BONHAM.

$26.20.　　　　MAINTENANCE OF WAY.　　　　No. 50.

THE TEXAS & PACIFIC RAILWAY COMPANY,

October 27, 1886.

The bearer, Robert Kingston, is entitled to pay for 23 days service as laborer on Sec. No. 80, in month of October, 1886, at $1.15 per day...............................................................$26.45

Less board due to hospital ($ .25)...........................　　25

Balance due him Twenty-six $\frac{20}{100}$ dollars...................$26.20

The above has been duly authorized, and will appear on the proper roll for the above month.

JOHN W. PARKS."

Without this "discharge certificate" Phillips had no authority to pay the money to Eglinton, and it is therefore evident that this certificate was the real and paramount inducement for Phillips to part with the money. No verbal statements made by Eglinton, be they ever so fraudulent and false, could have induced Phillips to pay out the money in the absence of the certificate. The rule upon this subject is that the indictment must set out the words used by the accused which induced the party to part with his property; whence it follows that, if in writing, the words and figures therein contained are the inducement, or a part thereof, and the voucher must be set out as in forgery. (The State v. Edwin Green, 7 Wis., 571, followed by this court in White v. The State, 3 Texas Ct. App., 605.)

The motion in arrest of judgment should have been sustained. The judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

Opinion delivered October 29, 1887.

